Filed 11/13/13  In re N.N. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

In re N.N., a Person Coming Under the Juvenile Court Law.

THE PEOPLE,

        Plaintiff and Respondent,

v.

N.N.,

        Defendant and Appellant.

E059095

(Super.Ct.No. J233260)

OPINION

        APPEAL from the Superior Court of San Bernardino County.  Brian D. Saunders, Judge.  Affirmed.

        James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

        Over a period of three years, the minor had a total of six juvenile delinquency petitions sustained against him.  After initially being placed at home on probation, the

1

minor progressed to serving time in juvenile hall, and then was placed at Boys' Republic, from which he ran away. Despite being warned that further transgressions would lead to a commitment to Gateway, the minor ran away from the Excell Center in Turlock, which resulted in the sixth petition and a commitment to Gateway. In his notice of appeal, the minor appeals from the disposition order placing him at Gateway. As discussed below we affirm the judgment.

## FACTS AND PROCEDURE

*First Petition – June 8, 2010*

The minor and his brother were riding their bicycles on the streets and sidewalks, nearly colliding with cars and pedestrians alike. After one such pedestrian protested, the minor told him "I'm going to fuck you up," removed a knife from his pocket and started to open the blade.

A petition filed under Welfare and Institutions Code section 602, subdivision (a), charged the minor with making criminal threats (Pen. Code, § 422) and alleged he personally used a deadly weapon, a knife (Pen. Code, § 12022, subd. (b)(1)). The minor admitted the criminal threats charge in exchange for the People dismissing the arming enhancement. After disposition, the minor was released from juvenile hall and placed at home on probation.

*Second Petition – May 24, 2011*

The minor was found pushing a shopping cart containing several large batteries that had been stolen from a bus yard. The minor had a wrench in his pocket.

2

The People filed a subsequent petition charging the minor with receiving stolen property (Pen. Code, § 496, subd. (a)). After the People moved to reduce the charge to a misdemeanor, the minor admitted the allegation. At disposition, the minor was ordered to serve 30 days in juvenile hall without credit for time served.

*Third Petition – December 2, 2011*

The minor and several other juveniles chased the victim and his friend while they were walking near a park. The minor pushed the victim and took a phone from the victim's hand when he tried to call for help.

The People filed a subsequent petition charging the minor with second degree robbery (Pen. Code, § 211). The minor eventually admitted the charge. The minor was ordered to serve 60 days in juvenile hall with credit for 13 days.

*Fourth Petition – October 23, 2012*

The minor got into a verbal argument with the victim at the victim's home. The minor made several comments, including "Crip set. I'll be back." The minor returned a brief time later carrying a black and red bag. When the victim called 911, the minor took a 9-milimeter gun from the bag and placed it in a storage cabinet in the carport. Responding police found the gun, and the minor's companion told police that the minor had placed it there.

The People filed a subsequent petition charging the minor with possessing a firearm as a minor (Pen. Code, § 29610), trespass (Pen. Code, § 602, subd. (m)), and making criminal threats (Pen. Code, § 422). Defendant admitted the firearm possession

3

charge in return for the other counts being dismissed. The minor was placed at Boys' Republic.

*Fifth Petition – December 27, 2012*

The minor never made it to Boys' Republic. He "absconded" while being transported there.

The People filed a supplemental petition alleging the minor violated his probation. The juvenile court dismissed the probation violation and petition after the minor agreed to be re-placed. The court told the minor that his next disposition would be a commitment to Gateway if he again violated the terms of his probation. The minor was placed at EE Residential in San Jose. He was transferred to Excell Center in Turlock on April 2, 2013 for "administrative reasons" because of "the progress of the minor and the program." Excell is a ranch style setting and is closer to the minor's home and family.

*Sixth Petition – May 30, 2013*

The minor became agitated after trying to use the telephone without permission. He picked up chairs in the kitchen and slammed them to the floor. He punched two holes in the wall and told staff he was going to "fuck up all the staff." He packed up his things and left. The minor's probation officer asked that he be re-placed because he needed a "highly structured environment with constant supervision."

The People filed a supplemental petition alleging the minor violated his probation by failing to "Obey the reasonable and proper orders of the staff" and failing to "Not leave the premises or program-sanctioned activities without explicit authority . . . ." The minor admitted the first violation in exchange for the People dismissing the second

4

violation.  At disposition, the minor asked to be placed in juvenile hall until he became 18 years old in February of 2014.  However, the juvenile court ordered the minor committed to the Department of Juvenile Justice's Gateway facility.  This appeal followed.

## DISCUSSION

After the minor appealed, and upon his request, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered minor an opportunity to file a personal supplemental brief, but he has not done so.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
_____
P. J.


We concur:

RICHLI
_____
J.

CODRINGTON
_____
J.

5